EDWARD TUCKER AND PAUL SIMMONS, COPARTNERS DOING BUSINESS AS TUCKER & SIMMONS, *Appellants*, v. WALTER L. GRAY, HARRIET C. ALDRICH, INDIVIDUALLY AND AS TRUSTEE FOR THE HEIRS OF THOMAS M. CROCKER, DECEASED, AND HER HUSBAND, CHARLES ALDRICH, ROSE L. DAVIS, AND HER HUSBAND, GEORGE H. DAVIS, ARLENE D. STEVENS, AND HER HUSBAND, W. NORRIS STEVENS, A. G. GATES AND L. T. IZLAR, *Appellees.*

Opinion Filed November 8, 1921.

Petition for Rehearing Denied December 19, 1921.

1. A complete contract binding under the statute of frauds may be gathered from letters, writings and telegrams between the parties relating to the subject matter of the contract, and so connected with each other that they may be fairly said to constitute one paper relating to the contract.

2. A mere offer to sell real estate, upon specified terms, may be withdrawn at any time before its acceptance. But if the offer be accepted without conditions, and without varying its terms, and the acceptance be communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at pleasure.

3. An informal execution of a deed may be a sufficient writing to satisfy the statute of frauds in the matter of contracts to convey realty.

4. A deed of conveyance is a contract in writing that does not require actual delivery to vendee to make it effective as an instrument in writing and signed by the party to be charged under the statute of frauds.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Decree reversed.

*H. M. Hampton,* for Appellants;

*Hocker & Martin,* for Appellees.

BROWNE, C. J.—This is an appeal from an order sustaining a demurrer to a bill in chancery to enforce the specific performance of a contract for the sale of real estate.

The case made by the bill shows that Tucker & Simmons, the complainants below, by letters and telegrams passing between them and Walter L. Gray the agent and attorney for the defendants, Harriet C. Aldrich, Roselle Davis and Arlene D. Stevens, all *feme coverts,* owners of the real estate in controversy, entered into a contract of purchase and sale of the land; that after the completion of this contract in which the price, terms and conditions thereof were mutually accepted and agreed upon, the defendant Walter

L. Gray procured the execution of a deed of conveyance from the owners and their respective husbands, and sent the deed to the defendant L. T. Izlar at Ocala, with instructions to deliver it to Tucker & Simmons upon the payment of the sum of $14,000.00 as agreed upon.

The bill contains other material allegations that are not necessary to revert to here as they do not affect the issue

The right of Gray to become a party to the contract for the sale of the land must be accepted as within the scope of his powers, as it was so alleged in the bill which the demurrer admits.

The letters and telegrams passing between Gray, and Tucker & Simmons, constitute a complete contract binding under the statute of frauds; they being so connected with each other as to be fairly construed as one paper relating to the contract.

In Ryan v. United States, 136 U. S. 68, L. Ed. 447, 10 Sup. Ct. Rep. 913, it was held: "A complete contract binding under the statute of frauds may be gathered from letters, writings and telegrams between the parties relating to the subject mater of the contract, and so connected with each other that they may be fairly said to constitute one paper relating to the contract." In that case the court said: "We say 'the papers,' because the principle is well established that a complete contract binding under the statute of frauds may be gathered from letters, writings and telegrams between the parties relating to the subject matter of the contract, and so connected with each other that they may be fairly said to constitute one paper relating to the contract. Beckwith v. Talbot, 95 U. S. 289, 292; Ridgway v. Wharton, 6 H. L. Cas. 238; Coles v. Trecothick,

9 Ves. Jr. 234, 250; Cave v. Hastings, L. R. 7 Q. B. Div. 125, 128; Long v. Miller, L. R. 4 C. P. Div. 450, 456.''

A mere offer to sell real estate, upon specified terms, may undoubtedly be withdrawn at any time before its accept-ance. Such is the general rule. But if the offer be ac-cepted without conditions, and without varying its terms, and the acceptance be communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at pleasure.'' Ryan v. United States, *supra.*

The execution of the deed of conveyance by the three married women defendants, duly joined by their husbands, constituted a ratification and adoption of the contract in writing entered into by the defendant Gray as their agent, and Tucker & Simmons.

The appellants rely upon the case of Walters v. Miller, 70 Fla. 432, 70 South. Rep. 629, where it is held that ''An informal execution of a deed may be a sufficient writing to satisfy the statute of frauds in the matter of contracts to convey realty.''

The effect of that case as determinative upon the one under consideration is controverted by the appellee. While there are some differences in the facts in the two cases, the principle involved in both seem to be the same.

Since the decision in the Walters case *supra*, another more fully in accord with the facts in this case has been decided; that of Kalil v. Florida Nat. Bank of Gainesville, 81 Fla. 543, 88 South. Rep. 383, (advance sheets June 18, 1921), where this court said: 'The deed of conveyance was a contract in writing that did not require actual delivery to vendee to make it effective as an instrument in

writing and signed by the party to be charged under the statute of frauds. The vendor caused the deed to be executed 'and did return same to the said John F. Harrell for delivery to your orators.'

"If the quoted letters were insufficient to satisfy the statute of frauds, the executed conveyance was sufficient, and part payment as stipulated was made."

We think that the letters and telegrams passing between Tucker & Simmons, and Gray the agent of the owners of the property with authority to sell the same, constituted a complete contract binding under the statute of frauds, and the execution of the deed by the owners was a ratifi· cation of that. contract, and that it then became "a contract in writing that did not require actual delivery to vendee to make it effective as an instrument in writing and signed by the party to be charged under the statute of frauds."

· The decree sustaining the demurrer is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.