OGILVIE, CLAUDE, Associate Judge.
In this law action both parties moved for a summary judgment, each alleging “that there is no genuine issue of any material fact * * * ”; and each party contends that he is entitled to a summary judgment as a matter of law.
On April 24, 1957, plaintiff Lord delivered to defendant Courtney Roberts DiePolder a check in the sum of $10,000; and on same date and simultaneously therewith defendant delivered to plaintiff a written instrument in the following language:
“April 24, 1957
“Received of Wm. W. Lord One Check for ten thousand dollars ($10,000.00) made to Courtney Roberts which is to be deposited in the Bank of Clear-water, Clearwater, Fla. as soon as check is cleared, he will receive Fee Simple Deed to the Following described land to-wit: Lot 4 in Block 3 Lots 1-203-4 25 and 26 in Block 5 Lots 1-2-3 17 and 18 in Block 7 New Pass Haven Section 20 Township 41 South Range 20 East in Charlotte County, Florida.
“/s/ Courtney Roberts”
It is the opinion of this Court that this constituted a valid contract between the parties for the sale and conveyance of the real estate described in said written instrument, signed by the party bound to convey said premises.
After the check mentioned in said instrument cleared the bank and was paid to the vendor, on or about May 22, 1957, demand was made for the fee simple deed to said real estate. Whereupon, said vendor advised that the original purchase price of $10,000 was very inadequate, which she offered to return to the purchaser, but said purchaser refused to accept the return of said $10,000. And upon being refused the deed the purchaser offered an additional $2,500 for the deed, which offer was declined; and thereafter an additional $5,000 was offered by the said purchaser, which said vendor accepted and thereupon delivered said deed conveying said described real estate for the aggregate sum of $15,-000.
In this suit the appellant, as plaintiff, sought to recover the $5,000 alleged to have been paid involuntarily and under duress.
The defendant’s answer to the complaint alleges that after the acceptance of the original $10,000 by her and the delivery of the original receipt therefor wherein she agreed to convey said property by a fee simple deed, said contract was rescinded and abandoned by the parties and new negotiations entered into, whereby the purchaser paid an additional $5,000, making an aggregate purchase price of $15,000, foi which deed of conveyance was delivered to the purchaser. The purchaser contends that the original contract was not rescinded; that the conveyance of the real estate was an obligation on the part of the vendor, before any part of the additional $5,000 was paid; that said additional $5,000 was paid without consideration, and only after it was determined that the vendor was not going to deliver the real estate pursuant to said contract for the original $10,000 agreed upon by the parties, and therefore paid by said purchaser under duress and involuntarily, in order to procure the delivery of the deed which said purchaser should have received for the original payment of $10,000.
While the vendor’s answer does not expressly allege that the additional $5,000 was paid voluntarily, it does purport to allege that the original contract was rescinded and abandoned by the parties and that a new contract was entered into calling for the full payment of $15,000; however, in *442 response to plaintiff-purchaser’s request for admissions (top page 19, Vol. 1, Record of Papers and Pleadings), the said vendor’s answer to Request No. 2(e) is as follows:
“ * * * the subsequent $5,000.00 was voluntarily paid.”
The Lower Court granted Summary Judgment to the defendant-appellee-vendor, reciting in the said Judgment:
“(3) That the conduct on the part of the plaintiff amounted to a rescission and abandonment of the first negotiations entered into by the plaintiff and the defendant and that the second negotiations for the sale of the property were negotiated at the insistence of the plaintiff and was a complete and separate transaction which was consummated by the delivery from the plaintiff to. the defendant a sum of $15,000.00, for which the plaintiff received a deed of conveyance.”
With this conclusion we cannot agree; the vendor obligated herself to convey the land in her written instrument dated April 24, 1957. There is nothing in the record in this case to indicate that the petitioner ever abandoned or rescinded said contract to convey for $10,000. When it became apparent to the petitioner that the vendor did not intend to convey in accordance with her said contract, and tried to return the purchase price of $10,000 to the purchaser who declined same, the purchaser thereupon offered to make the additional payment of $2,500 for said conveyance, and then the additional payment of $5,000, for the acceptance of which vendor finally executed and delivered the fee simple deed — ■ the deed she was originally obligated to make, for the original payment of $10,000. Both parties to this litigation admitted in their separate motions for summary judgment that there was no genuine issue of material fact in the case. We feel that the Lower Court misconstrued and misinterpreted the admitted facts of the case in drawing its conclusion that there was a rescission of the original contract by both parties, and that there were new negotiations which resulted in a second contract voluntarily entered into by both parties,, resulting in the conveyance of the real estate for the aggregate sum of $15,000. The purchaser at all times insisted upon the conveyance of the deed, and made payment of his original $10,000 purchase price agreed upon by both parties in the original contract; and by his paying the additional $5,000 for the deed makes it obvious, that he did not abandon his original contract and voluntarily enter into new negotiations for a second contract at a price of $15,000. And certainly the vendor could not make unilateral rescission of the original contract.
It appears to this Court that the vendor seeks to defend on the ground that the petitioner voluntarily paid the additional $5,000 for the conveyance. And under the law before the enactment of Sec. 52.24, Chap. 21902, 1943, F.S.A., ap-pellee, Vendor, would be correct. But we think that the enactment of said Section which constituted the law at the time of this transaction vitiates the defendant’s defense. That section reads as follows:
“Whenever, in any court in this state, a suit is instituted by a party to a contract, to recover a payment made pursuant to said contract, and, by the terms of the contract, there was no enforceable obligation to make the payment, * * * the defense of voluntary payment may not be interposed by the person receiving such payment, to defeat recovery of the payment.”
The principal case relied upon by the appellee-vendor, Pacific Mutual Life Insurance Co. of California v. McCaskill, 126 Fla. 82, 170 So. 579, was decided in 1936. It will be noted that this was some years before the enactment of Florida Statute, Sec. 52.24, 1943, F.S.A.; and were it not for the Statute, we would agree with appellee in his supporting argument of the above cited case.
*443 Under the terms of the contract dated April 24, 19S7, for the conveyance of the property at a consideration of $10,000, there was clearly no enforceable obligation against the petitioner to make the additional payment of $5,000, aggregating $15,-000. There was no consideration for the payment of the additional $5,000, because appellee-vendor did only what she was already under obligation to do, that is, to convey said real estate for the original sum of $10,000.
By their separate motions for summary judgment, each party admits that there is no material fact at issue and that a summary judgment should be entered as a matter of law. The summary judgment entered in behalf of the defendant below is hereby reversed, and a direction made for the entry of a summary final judgment in behalf of the appellant for the sum of $5,-000, together with interest thereon at the legal rate from May 22, 1957.
ALLEN, Acting C. J., and SHANNON, J., concur.