130 So.2d 78 (1961)
HOTEL CHINA & GLASSWARE COMPANY, Appellant,
v.
BOARD OF PUBLIC INSTRUCTION OF ALACHUA COUNTY, Florida, Appellee.
No. C-347.
District Court of Appeal of Florida. First District.
May 9, 1961.
*79 Lazonby, Dell, Graham & Willcox, Gainesville, for appellant.
Clayton, Arnow, Duncan & Johnston, Gainesville, for appellee.
WIGGINTON, Chief Judge.
Plaintiff has appealed from an adverse judgment entered upon a verdict directed by the court in favor of defendant at the conclusion of plaintiff's evidence. It is contended that the court erred in holding as a matter of law that plaintiff had failed to prove its entitlement to the relief prayed for in its complaint.
Defendant school board invited bids for the furnishing of certain specified equipment to be installed in designated public schools in Alachua County. Bids were invited pursuant to the requirements of the statute relating to purchases of this kind.[1] In response, plaintiff submitted its bid by which it agreed to furnish the equipment called for in the specifications for a total price of $4,373.08. Plaintiff's bid was accompanied by a certified check in the sum of $442.65 in accordance with the instructions to bidders which provided that all checks of the unsuccessful bidders would be returned within ten days after bid tabulation. The covering letter accompanying plaintiff's bid provided that in the event of the acceptance of the bid or any part thereof, the good faith check or such substitute check as would cover 5% of the accepted bid may be held by the school board until delivery in good condition of the equipment is complete in accordance with the requirements of the instructions to bidders and the specifications concerning quality and time of delivery, and that in the event of failure to make such delivery the check accompanying such bid shall be forfeited to the school board as liquidated damages for such failure; otherwise the check shall be returned to the plaintiff.
Plaintiff's bid was prepared by an inexperienced clerk in the process of which he committed two obvious clerical errors. He incorporated in the blank spaces provided in the bid form the unit price of the two items of equipment called for in Item 7 of the bid, and the unit price of three items of equipment called for in Item 8 of the bid. He failed to multiply the unit price by the number of items to be furnished in arriving at the total price set forth in the bid. This error resulted in a deficiency amounting to $1,512.09 in the intended price to be bid for furnishing the *80 five articles of equipment listed in the questioned items of the proposal.
All bids submitted in response to the invitation published by defendant were opened by the school board at the designated time and place, and plaintiff's bid was the lowest received. As the results of the bidding were made known to those assembled at the meeting, one of plaintiff's employees immediately apprehended that an error had occurred in the preparation of plaintiff's bid. Three days later, after having had the opportunity of analyzing its bid and discovering the clerical errors above mentioned, the president of plaintiff company immediately notified the school board of the error and requested permission to withdraw its bid from consideration. This was done prior to acceptance of plaintiff's bid by the school board, and before any formal announcement was made awarding the contract to plaintiff. The school board thereafter accepted plaintiff's bid in writing and forwarded to it a purchase order for the furnishing of the equipment at the price stated in the bid. Upon plaintiff's refusal to accept the purchase order or furnish the equipment in accordance with its bid, the school board forfeited plaintiff's good faith check and refused to return it as demanded.
The complaint filed in this cause is one at law seeking judgment in the amount of the good faith check deposited by plaintiff with its bid under the circumstances above related. At the conclusion of plaintiff's evidence the court directed a verdict in favor of defendant. By its judgment the court found that in checking over the bid before filing it with the school board, plaintiff's general manager was derelict and failed to exercise due care in that the errors complained of as grounds for withdrawal of the bid were perceptible at a glance. It was the holding of the trial court that bids of this nature are irrevocable and cannot be withdrawn after all bids have been opened except in unusual circumstances which were unnecessary to consider. The cause was accordingly dismissed and judgment entered in favor of defendant.
It is appellant's position that under the settled law of contract an offer may be withdrawn prior to its acceptance by the offeree even though it provides for a fixed time within which it may be accepted.[2] Since the evidence before the court clearly reveals that appellant attempted to withdraw its offer prior to its acceptance by appellee, appellant insists it had a right as a matter of law to do so and demands return of its good faith check.
We are thus presented with the question of whether one who files a bid for a public contract pursuant to the competitive bidding statutes of this state has an absolute right, with or without cause, to withdraw such bid after all bids have been opened and the results announced, but before the public authority has an opportunity to accept the lowest and best bid and make an award in conformity with its decision. Our research fails to disclose a decision by an appellate court of this state, and counsel have been unable to refer us to one, where this precise question has been decided. We have carefully reviewed decisions rendered by courts of our sister states, and on first impression the rules pronounced therein appear to be in irreconcilable conflict. Most of the cases involve such material factual and procedural differences from the case now under consideration as to render them of little help in the solution of this problem.
Some of the decisions holding that a bidder is entitled to withdraw his bid before acceptance thereof are suits in equity in which, under the facts there presented, it has been held that because of an honest unilateral mistake it would be inequitable to require a bidder to perform a contract in accordance with his bid. Under such circumstances a bidder may be relieved of the obligation of making good the offer evidenced *81 by his bid,[3] and is entitled to a return of his bid check.[4] We find only one decision in which such relief was afforded in an action at law under circumstances comparable to those present in this case.[5]
We have likewise reviewed those decisions which hold that one who submits a bid under competitive bidding statutes in not entitled as a matter of right to withdraw his bid. Most of the decisions involve factual and procedural situations clearly distinguishable from those present in this case. Most of them are cases in which either a statute, regulations, terms of the proposal or ordinance provided that such bids are irrevocable. Other decisions were rendered in suits brought in equity in which it was found that plaintiff had failed to prove his entitlement to the relief he sought within the limitations of the equitable principles applicable to cases of this kind. None of the foregoing factors are present in the case we now review.
Appellant concedes that it would have no right as a matter of law to withdraw its bid under the facts present in this case if the bid was supported by a sufficient consideration, was under seal, or if there was in effect in this state a statute making such bids irrevocable. It has been held in some jurisdictions that a bid filed pursuant to public bidding statutes creates in the offeree a vested right of contract supported by an adequate consideration, the latter being the privilege of bidding and the legal assurance to the successful bidder of an award against all competition.[6] Although Florida has no statute providing that bids of this kind shall be irrevocable, there is a fundamental reason grounded upon public policy why they should be so considered. Competitive bidding statutes are enacted for the protection of the public. They create a system by which goods or services required by public authorities may be acquired at the lowest possible cost. The system confers upon both the contractor and the public authority reciprocal benefits, and exacts from each of them reciprocal obligations. The bidder is assured fair consideration of his offer, and is guaranteed the contract if his is the lowest and best bid received.[7] The principal benefit flowing to the public authority is the opportunity of purchasing the goods and services required by it at the best price obtainable. Under this system, the public authority may not arbitrarily or capriciously discriminate between bidders, or make the award on the basis of personal preference. The award must be made to the one submitting the lowest and best bid, or all bids must be rejected and the proposal re-advertised. The benefits accruing to one who submits a bid under the public bidding statutes of this state are sufficient consideration, coupled with the factor of public policy, to render a bid so submitted irrevocable. In order that the public interest will best be served, the public body inviting bids must be accorded a reasonable time after the bids are opened within which to tabulate, analyze, consider and accept the lowest and best bid as required by law. If each bidder on public contracts could, after the bids are opened and results announced, withdraw his bid with or without justification or cause, frauds innumerable could be perpetrated and the public interest greatly jeopardized. Under such circumstances the benefits sought to be gained by the statutory system of competitive bidding would be destroyed. We are therefore inclined to the view, and so hold, that one who files a bid pursuant to an invitation issued under the competitive bidding statutes of this state has no right as a matter of law to withdraw *82 such bid after all bids have been opened and the results made known, until after such reasonable time as may be required for the public body inviting such bids to consider them and make an award to the successful bidder.
It should be borne clearly in mind that the foregoing rule applies only to the right of a bidder under the competitive bidding statute to withdraw his bid after all bids have been opened and the results announced. It has no bearing whatever upon the right of a bidder to seek relief in a court of equity against the consequences of an honest unilateral mistake made in the preparation of his bid filed under the competitive bidding statute. It has been generally held that equity will relieve against such a mistake if it is material to the transaction and goes to the substance of the contract, and its commission is not occasioned by a want of due care or diligence or the result of neglect, and the public body is fully informed of the mistake promptly upon its discovery. Under such circumstances it has been held that it would be inequitable to require a bidder to make good his offer, and equity has afforded relief not only against the requirement that he perform the contract in accordance with his bid, but also against forfeiture of the good faith check deposited with the bid as well.[8]
In seeking equitable relief against an alleged mistake made in the preparation of such a bid, the complaining party carries a heavy burden. In Graham[9] the appellee sought the aid of a court of equity for rescission of a contract which he entered into as the successful bidder under the competitive bidding statute of this state on the ground of a unilateral mistake made in computing the items of his bid. In reversing the final decree rendered in appellee's favor, the Supreme Court held "By the rule generally approved equity will not relieve against the mistake of one guilty of culpable negligence, neither will it relieve against a mistake that could have been avoided by caution. If the one seeking relief could have avoided his mistake by reasonable care or diligence, a court of equity will not relieve him. In other words if one's mistake is due to his own negligence and lack of foresight and there is absence of fraud or imposition, equity will not relieve him * * * After all, the most that can be said is that appellee is seeking relief from a clerical error that he alone was responsible for. It is not contended that an honest unilateral error in reference to a material fact relative to the contract was made. If errors of this nature can be relieved in equity, our system of competitive bidding on such contracts would in effect be placed in jeopardy and there would be no stability whatever to it. It would encourage careless, slipshod bidding in some cases and would afford a pretext for the dishonest bidder to prey on the public."
Since appellant elected to institute this action as one at law supported exclusively by what it considered to be established principles relating to the law of contract, he is precluded from relying upon equitable principles as a basis for the relief prayed. The trial court was therefore correct in entering judgment for appellee from which this appeal is taken. The judgment is accordingly affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] "Bids shall be requested from three or more sources by the county board for any authorized purchase costing more than three hundred dollars. The county board shall have the authority to reject any or all bids and request new bids. In the acceptance of bids, the county board shall accept the lowest and best bid." F.S. Sec. 237.02(2), F.S.A.
[2] 12 Am.Jur., Contracts, Sec. 32, p. 528; 17 C.J.S. Contracts § 50, p. 395.
[3] 52 A.L.R.2d 792; 107 A.L.R. 1451.
[4] 52 A.L.R.2d 807.
[5] Rushlight Automatic Sprinkler Co. v. City of Portland, 1950, 189 Or. 194, 219 P.2d 732.
[6] Lupfer v. Board of Chosen Freeholders, 87 N.J. Eq. 491, 100 A. 927.
[7] 43 Am.Jur., Public Works and Contracts, Sec. 26, p. 767.
[8] Ex parte Perusini Const. Co., 1942, 242 Ala. 632, 7 So.2d 576; 52 A.L.R.2d 792.
[9] Graham v. Clyde, Fla. 1952, 61 So.2d 656, 657.