WILLSON, J. H., Associate Judge.
The decree of specific performance, from ■which this appeal is prosecuted, is based, in •part, upon the chancellor’s finding that the appellant had not effectively withdrawn or ■revoked his written offer to purchase a ■parcel of realty owned by appellees. The chancellor held, as a matter of law, that .appellant should have communicated his withdrawal or revocation of the offer to purchase directly to the appellees, rather than to appellees’ agent.
The listing agreement authorized ■the broker “to sell the property” at the price •of $26,000 “or at any other price and terms acceptable to me.” This implies an authority to communicate an offer at a price or terms different from those in the listing contract, and, in fact, this is what occurred. Authority to communicate an offer to purchase carries with it authority to communicate a withdrawal or revocation of the offer.
The general rule is that where an offer has not been accepted by the principal, a communication of withdrawal, or revocation, to the principal’s agent is sufficient. 3 C.J.S. Agency § 265. We can find no reason for an exception to this rule in the case of real' estate brokers, even though they are special rather than general agents.
Had the chancellor entertained our view of the applicable rule of law, he might have found that there was insufficient evidence of the withdrawal or revocation as a matter of fact. For this reason we reverse the decree for further proceedings not inconsistent with the views herein expressed.
SMITH, C. J., and WHITE, J., concur.