244 So.2d 543 (1971)
Harry KENDEL and Clara Kendel, Appellants,
v.
Harold E. PONTIOUS, Individually, and Harold E. Pontious, D/B/a Lot Headquarters, and Henry Fernandez, Appellees.
No. 70-219.
District Court of Appeal of Florida, Third District.
January 26, 1971.
Rehearing Denied March 12, 1971.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellants.
Acosta & Duran and Horton & Schwartz, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
This is an appeal from a final judgment from the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. We adopt the decision of the trial judge as our opinion. The opinion follows.
"THIS CAUSE came on for final hearing before me upon the complaint and answer. The Court has considered the record and file in this cause and has heard the testimony and proof of the parties and their witnesses and argument of counsel. The undisputed evidence discloses that a deposit receipt was executed by the purchaser, defendant Henry Fernandez, on January 13, 1969, and on the same date was mailed by the broker, defendant Harold E. Pontious, to the attorney for the plaintiff sellers. By letter dated January 14, 1969, addressed to defendant Pontious, the attorney for the plaintiffs acknowledged receipt of the contract and stated that he would have the contract executed forthwith and a copy returned to the broker. The contract, signed by the plaintiffs, was delivered to the office of the plaintiffs' attorney on January 17, 1969. Notice of the execution of the contract by the plaintiffs was first communicated to the purchaser Fernandez by letter dated January 22, 1969. By letter dated January 17, 1969, *544 defendant Fernandez wrote the plaintiff, Harry Kendel, with copy to his attorney, revoking the offer to purchase, which letter was in confirmation of a telegram dispatched the same date.
"Since the offer to purchase was transmitted to the seller by mail, if the offer or contract does not otherwise provide, it will be implied that acceptance would be by mail. In Morrison vs. Thoelke [Fla.App.], 155 So.2d 889, the Florida courts adopted the `deposited acceptance rule' under which acceptance becomes effective as of date of deposit in the mail. Acceptance must be communicated to the offerer. Where an offer has not been accepted by the offeree, the offeror may revoke the offer provided the communication of such revocation is received prior to acceptance. 33 Fla.Jur. 365, Tucker v. Gray [82 Fla. 351], 90 So. 158, Montone vs. Bush [Fla.App.], 167 So.2d 884."
Affirmed.