261 So.2d 167 (1972)
Harry KENDEL and Clara Kendel, Petitioners,
v.
Harold E. PONTIOUS, Individually, and Harold E. Pontious, d/b/a Lot Headquarters, and Henry Fernandez, Respondents.
No. 41011.
Supreme Court of Florida.
April 12, 1972.
Rehearing Denied May 17, 1972.
*168 Edward C. Vining, Jr., and R.M. MacArthur, Miami, for petitioners.
Edward A. Perse, of Horton, Schwartz & Perse and Acosta & Duran, Miami, for respondents.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Third District (Kendel v. Pontious, 244 So.2d 543) which allegedly conflicts with a prior decision of this Court (Strong & Trowbridge Co. v. H. Baars & Co., 60 Fla. 253, 54 So. 92), as well as a decision of a Civil Court of Record (Jones v. Dobkin, 15 Fla. Supp. 70) on the same point of law.
Fla. Const., art. V, § 4(2), F.S.A., authorizes this Court to review by certiorari any decision of a District Court of Appeal "that is in direct conflict with a decision of another District Court of Appeal or of the Supreme Court on the same point of law." (Emphasis ours) No jurisdictional "direct conflict" can arise with a decision of a Civil Court of Record. Our consideration is limited to a possible conflict between Kendel v. Pontious, supra, and Strong & Trowbridge Co. v. H. Baars & Co., supra.
A deposit receipt was executed by defendant-purchaser Fernandez on January 13, 1969, and on the same date was mailed by the defendant-broker Pontious to the attorney for the plaintiff-sellers. The deposit receipt contained the following provision:
"Time shall be the essence and this contract shall be binding on both parties, their heirs, personal representatives and/or assigns when this contract shall have been signed by both parties or their agents."
By letter dated January 14, 1969, addressed to the defendant-broker, the attorney for the sellers acknowledged receipt of the contract and stated that he would have the contract executed forthwith and a copy returned to the broker. The contract was signed by the sellers and delivered to the *169 office of the sellers' attorney on January 17, 1969. Notice of the execution of the contract by the sellers was first communicated to the purchaser by letter dated January 22, 1969. In the meantime, by letter dated January 17, 1969, the purchaser had written the sellers, with copy to the sellers' attorney, revoking the offer to purchase. This letter was in confirmation of a telegram dispatched the same date.
In this suit brought by the sellers for specific performance, the pivotal issue is whether the contract was revoked before acceptance. The trial judge held that acceptance of the purchaser's offer was not effective until communicated to the purchaser. The District Court of Appeal affirmed.
In seeking jurisdiction, petitioners-sellers rely upon Strong & Trowbridge Co. v. H. Baars & Co., supra, where the plaintiff brought suit for the alleged breach of two contracts for the sale of certain lumber. This Court said the main question was whether the evidence established that there were actually consummated contracts from the documents passing between the parties. Petitioners argue that the following quote is in conflict with the decision of the District Court of Appeal in the case sub judice:
"The acceptance of an offer, to result in a contract, must be: (1) Absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly required by the offer. If a person offers to do a definite thing, and the person to whom the offer is made accepts conditionally, or introduces a new term into the acceptance, his answer is not an acceptance; but it is either a mere expression of willingness to that, or it is in effect a counter offer, which must be accepted or assented to before a contract can result. It is also essential that the acceptance shall be made in the manner, at the place, and within the time expressly or impliedly designated in the offer. The proposer has the right to dictate terms in respect to the time, place, and manner of acceptance, and when he does so, like other terms, they must be complied with." (Emphasis supplied) Strong & Trowbridge Co. v. H. Baars & Co., 54 So. 92, pp. 93-94.
If the quoted statement in Strong & Trowbridge Co. v. H. Baars & Co., supra, eliminates the necessity of communicating an acceptance, then there is conflict. On the other hand, if the offer is accepted in the maner designated in the offer, but the bilateral contract does not result until the acceptance is communicated to the offeror, then there is no conflict and the writ of certiorari should be discharged.
In Tucker v. Gray, 82 Fla. 351, 90 So. 158 (1921), this Court, quoting with approval from Ryan v. United States, 136 U.S. 68, 10 S.Ct. 913, 34 L.Ed. 447, said:
"`A mere offer to sell real estate, upon specified terms, may undoubtedly be withdrawn at any time before its acceptance. Such is the general rule. But if the offer be accepted without conditions, and without varying its terms, and the acceptance be communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at pleasure.'" (Emphasis supplied) (p. 159)
The American Law Institute, Restatement of Contracts, § 64, reads as follows:
"An acceptance may be transmitted by any means which the offeror has authorized the offeree to use and, if so transmitted, is operative and completes the contract as soon as put out of the offeree's possession, without regard to whether it ever reaches the offeror, unless the offer otherwise provides."
It was necessary that the sellers do more than indicate their acceptance of the purchasers' offer by signing the deposit receipt. They were required to set in motion some means by which knowledge of that acceptance would come to the purchasers before any enforceable contract could arise. An acceptance, under these circumstances, *170 which only remains in the breast of the acceptor without being communicated to the offeror, is no binding acceptance. As stated in Williston on Contracts, (Third Edition) Vol. 1, § 70, p. 230:
"As has been seen the acceptance of a bilateral contract is not only a manifestation of assent to the proposition but is a giving of the return promise requested. To complete a contract, the offeror must always be given what he requests as the return for his promise and in an offer for a bilateral contract he requests either a promise in fact or an obligation in law. In order to complete a bilateral contract, therefore, on the former supposition the offeree must in fact make a promise to the offeror, and a promise, as the offeree should reasonably understand, is something which involves, if not communication, at least attempted communication."
The following appears in 17 C.J.S., Contracts, § 45, p. 690:
"Where the offeror, instead of offering to do something if the other party will perform, thus leaving the latter free to perform or not as he pleases, requires a reciprocal promise from the offeree, the latter must communicate his acceptance of the offer and thereby bind himself by an engagement from which he cannot recede or there will be no agreement; even a compliance with the terms of the offer will not suffice. Communication of acceptance in such a case is not only necessary to bind the offeror, but also to bind the offeree, and the offeror cannot, by a stipulation to that effect in the offer, make silence on the offeree's part an acceptance."
17 Am.Jur.2d, Contracts, § 43, pp. 380-381, reads as follows:
"Where an express acceptance is required by an offer, the fact of the acceptance must be communicated to the offeror by the offeree or his agent; a mere private uncommunicated assent will not effect a contract. For instance, a mere proposal to sell does not become a sale until accepted and notice of acceptance given the proposer."
The right to withdraw and repudiate the acceptance of an offer is dependent upon the initial determination of when that acceptance is effective and irrevocable. Morrison v. Thoelke, 155 So.2d 889 (Fla.App.2d, 1963). The trial judge and the District Court of Appeal in the case sub judice correctly held that the acceptance must be communicated to the offeror and that the offeror could revoke the offer provided the communication of such revocation is received prior to the acceptance.
Strong & Trowbridge Co. v. H. Baars & Co., supra, merely states the familiar rule that an offeror may fix the terms and manner in which the offer must be validly accepted. The Court was not concerned with the question of whether the actual acceptance must be communicated to the offeror prior to an effective revocation. There is no direct conflict and this Court does not have jurisdiction.
The writ of certiorari having been improvidently issued, the same is discharged.
It is so ordered.
ROBERTS, C.J., and CARLTON and BOYD, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
It appears to me that there is conflict with Strong & Trowbridge. That case holds "the proposer has the right to dictate terms in respect to the time, place, and manner of acceptance, and when he does so, like other terms, they must be complied with." (Emphasis supplied.) The proposer-purchaser-Respondent in this case prepared and signed the contract and sent it to the seller-Petitioner's attorney with the following notation: "Mr. Kendell [the seller] has verbally accepted but desired you to check the contract over before signing." The contract contained the following statement regarding acceptance: "this contract shall be binding upon both parties ... *171 when this contract shall have been signed by both parties or their agents." (Emphasis supplied.) Since it was already signed by the purchaser, the contract according to its clear terms was in effect the moment it was signed by the sellers. To hold communication was also necessary is to judicially add another requirement to the contract. Furthermore, Florida contract law does not support the conclusion that communication should be necessary before acceptance is possible. This is a "deposited acceptance state." As such, contracts being executed through the mail are, in the absence of a contrary agreement, completed when an acceptance is deposited in the mail. Morrison v. Thoelke, Fla.App. 1963, 155 So.2d 889. If actual knowledge is not required in those cases, it does not logically follow that it should be necessary here where the party who drew up the contract stated in the terms of that instrument that such knowledge was not necessary and where it is clear from the record that the purchaser knew the seller would sign the contract.