In the Matter of CAMEO TILE DISTRIBUTORS, INC., Debtor.

CAMEO TILE DISTRIBUTORS, INC., Plaintiff,

v.

THOMPSON & COMPANY, INC. dba Thompson Ceramic Tile Distributors, Defendant.

Bankruptcy No. 80–742.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

July 30, 1981.

On Motion For Rehearing Sept. 22, 1981.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Summary Judgment filed by Cameo Tile Distributors, Inc. (Cameo), the Plaintiff in the above-captioned adversary proceeding. The Motion for Summary Judgment alleges that there remain no issues of disputed material fact and that Cameo is entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 56 as adopted by Bankruptcy Rule 756.

The undisputed facts as revealed by this record are as follows:

On September 18, 1980, pursuant to Cameo's solicitation of sealed bids, Thompson &

Company, Inc. (Thompson) submitted a bid of $27,000 for Cameo's ceramic tile inventory. On September 22, 1980, Cameo filed an Application for Court Approval of Sale of Assets. The Application did not identify who the prospective purchaser was and stated that the proposed sale will be to the highest bidder on each particular item. The record further reveals that on September 24, 1980, the Clerk of the Court mailed a "Notice of Intention to Sell Property of the Estate". The Notice was equally silent concerning the identity of the purchaser. It appears, although it is not clear, that the notice was not sent to all creditors or to Thompson. On October 3, 1980, Thompson sent a letter to Cameo stating that it no longer desires to buy the inventory and desires to withdraw its previously submitted bid. Having lost Thompson as a buyer, Cameo negotiated a sale to Gulf Tile Distributors, Inc. for $20,000. Cameo then filed the instant complaint seeking to recover $8,178.95 loss suffered by the estate due to Thompson's alleged breach of contract.

Cameo contends that its act of soliciting bids was an offer which Thompson accepted by submitting its bid to buy the inventory for $27,000. Thus, according to Cameo, Thompson's subsequent attempt to rescind its bid by letter of October 3, 1980 is an invalid attempt to unilaterally rescind its contract with Cameo and its failure to complete the transaction and purchase the inventory was a breach of a valid contract entitling Cameo to recover the difference between the price offered by Thompson and the price actually paid by Gulf Tile or the sum of $7,000.

■ It should be stated at the outset that an invitation to submit bids cannot legally be considered a legal offer by a party who invites the bids. The offer must be definite in its terms or require such definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain. It is well established that the courts will neither specifically enforce agreements nor award substantive damages for a breach when the agreement is lacking certainty. The indefinite-

ness may relate to the time of performance or the price to be paid and an absence of which one cannot recognize an invitation to bid as a legal offer that is capable of acceptance.

■ The invitation to submit bids made by Cameo did not state the terms of the proposed sale, either as to price, as to time and place of performance, as to terms or payment, or to any other condition such as Court approval. Thus, it is clear that Cameo's invitation to submit bids was not an offer.

■ The only offer in this instance was the offer submitted by Thompson to purchase the inventory for $27,000 and the acceptance of an offer must be communicated to the offeror prior to the revocation of the offer made. *Kendel v. Pontious*, 261 So.2d 167 (Fla.1972). The offer was withdrawn by Thompson on October 3, 1980. While it is true that the notice sent by the Clerk did not identify Thompson as a purchaser and stated that the inventory might be sold to the highest bidder which ostensibly permitted Cameo to discard the bid of Thompson if it received a bid higher than the bid of Thompson, the notice itself has no significance since it cannot be binding on the parties.

Having concluded that the offeror was Thompson and not Cameo, the ultimate question is when did Cameo inform Thompson that it accepted its offer. Since this presents a factual question which does not appear to be answered by this record, the Motion of Cameo for Summary Judgment cannot be granted and the matter will have to be resolved by presentation of evidence on this narrow point. Accordingly, the only offer in this instance was the offer made by Thompson to buy the inventory for $27,000.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Cameo Tile Distributors, Inc. be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the final evidentiary hearing

be, and the same hereby is, scheduled to be heard before the undersigned on Sept. 1, 1981 at 2:15 p. m. in Room 703, 700 Twiggs Street, Tampa, Florida.

## ON MOTION FOR REHEARING

THIS CAUSE came on for hearing with due notice to all parties of interest upon a Motion for Rehearing filed by Cameo Tile Distributors, Inc. (Cameo). The Motion is directed to an order heretofore entered by this Court on July 30, 1981, which denied a motion for summary judgment filed by Cameo. Cameo, by its motion for rehearing, alleges that the order of July 30, 1981 contains material errors relating to certain facts recited in the order; that these errors, if corrected, would require a different result. Cameo also urges in the alternative that even if this Court finds these errors not to be material, Cameo is still entitled to a summary judgment as a matter of law, citing *Hotel China and Glassware Co. v. Board of Public Instruction of Alachua County*, 130 So.2d 78 (Fla. 1st D.C.A. 1961).

The Court heard argument of counsel for the respective parties and considered the record and is satisfied that while the order did not contain factual errors, the order of July 30th did not fully reflect the record of this case.

The record reveals that on September 23, 1980, Cameo filed an Application for Court Approval of Sale of Assets. The Application did not identify the prospective purchaser, although as pointed out by Cameo, an exhibit filed with the application, Exhibit B, indicated that a purchaser is Thompson Ceramic Tile, the Defendant involved in this adversary proceeding. The Exhibit also states the purchase price was to be $27,000. Thus, while the finding of this Court that the Application to Sell did not identify the purchaser or the price, was correct, the order did not fully describe the record, having failed to state that the Exhibit did identify the purchaser and the purchase price.

Concerning the second alleged error, the record reveals that the notice of intention to sell properties of the estate filed by Cameo, again did not identify the prospective purchaser, even though there is a place on the form used for the insertion of the name of the purchaser. Accordingly, the Court's finding in the order of July 30, 1981 concerning the notice was correct and is supported by the record.

Cameo also challenges the Court's finding that no notice was sent to all creditors or to Thompson of this proposed sale. The record is devoid of any evidence that the notice of intention to sell was, in fact, sent to anyone. The file contains no certificate of mailing, thus as far as the record is concerned, no one received. notice of Cameo's intention to sell properties of the estate.

Accordingly, while the original findings in the July 30, 1981 order may not have been entirely complete, this Court is satisfied that the omission mentioned does not have material bearing on the ultimate result reached by the order and does not require different results.

This leaves for consideration Cameo's contention that regardless of the materiality of these alleged factual errors, it is entitled to a summary judgment as a matter of law. In support of this proposition, Cameo cites the case of *Hotel China, supra* which case involved a sealed bid submitted by the Plaintiff for a public contract. In *Hotel China, supra*, the 1st D.C.A. held that once the bids were opened and published, the lowest bidder on the public contract could no longer withdraw its bid even though the Board of Public Instruction of the County did not formally accept the bid. Accordingly, so urges Cameo, the holding in *Hotel China, supra* is controlling since the only factual difference between this case and the case under consideration is that this case involved the highest bidder, and the *Hotel China, supra* involved the lowest bidder.

Thompson, in opposition urges that the law of this case has been established; or that they are disputed facts, therefore, granting a summary judgment would be improper. In response to the contention that under *Hotel China, supra* the bid submitted by Thompson was irrevocable,

Thompson contends that this is not the case and bids governing public contracts cannot and should not control bankruptcy sales. This is so, so contends Thompson, because in bidding on a public contract, the low bidder is locked in and he no longer has the right to withdraw the bid and if the authority who solicits the bid approves the bid, he must perform. This is not the situation in bankruptcy sales, according to Thompson, because a person who submits a bid knows that he is not assured to be the buyer and may not be able to buy for which he bid if he does not turn out to be the highest bidder.

The Court considered the matter and the authority cited and is of the opinion that *Hotel China, supra* does not require different results and the order of July 30, 1981 was correct. A bidder on a public contract submits a sealed bid, fixed price pursuant to specific detailed bidding procedure. He submits his bid knowing that if he is the lowest bidder, he will get the contract and once the sealed bids are opened he knows that unless he is disqualified by the authority he will have to proceed and perform.

■ A bankruptcy sale of the type involved in the present instance is far different from the sealed bid procedure involved in *Hotel China, supra.* There were no sealed bids in this case; there was no public opening of the bids, thus no communicated acceptance by Cameo and the only thing that was certain was that there was a bid which may or may not prevail depending on the estate's ability to obtain higher bids at the hearing on the application for approval of sale. This being the case, Thompson unlike the bidder in *Hotel China, supra* was not locked in by its bid until the estate's acceptance of the bid was communicated to it. This being the case, the Court is satisfied that Cameo is not entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that upon reconsideration, the previous order denying the motion for summary judgment be, and the same hereby is, affirmed and the matter shall be scheduled for a final evidentiary hearing before the undersigned on October 27, 1981 at 2:00 p. m. in Room 703, 700 Twiggs St., Tampa, Florida.