## ZIMMERMAN v. LYNCH.

(Filed March 4, 1902.)

WARRANTY—*Covenants—Vendor and Purchaser.*

A complaint stating that defendant sold plaintiff certain standing timber, and that title of defendant was defective, with no allegation of covenant or fraud, does not state a cause of action, as there is no implied warranty in the sale of realty.

ACTION by N. R. Zimmerman against W. Lynch, heard by Judge *George H. Brown,* at September Term, 1901, of the Superior Court of PASQUOTANK County. From a judgment for the defendant, the plaintiff appealed.

*G. W. Ward,* and *E. F. Aydlett,* for the plaintiff.
*J. H. Sawyer,* and *W. M. Bond,* for the defendant.

CLARK, J. The first cause of action alleges that the defendant sold the plaintiff a certain quantity of standing timber, but defendant's title proved defective, and plaintiff was prevented from cutting the timber by legal proceedings instituted by the real owner.

The second cause of action is that defendant agreed that plaintiff should put in a tram-road, that the same was built at great expense, which is a loss to the plaintiff since he can not get the timber.

The defendant answered, denying each of the allegations of the complaint, but further moved to dismiss the action for that the complaint did not state a cause of action in that the complaint did not allege that there was any covenant of warranty nor any breach of said warranty, and there is no allegation of fraudulent conduct or fraudulent and false representation upon the part of the defendant.

The plaintiff's counsel having stated that he could not amend his complaint, the Court properly allowed the motion. The standing timber is of the nature of real estate, and in the sale of realty there is no implied warranty. *Foy v. Haughton,* 85 N. C., 168; *Huntly v. Waddell,* 34 N. C., 32.
No Error.