VAN DOREN and another, Appellants, vs. FENTON and another, Respondents.

*April 8—May 2, 1905.*

*Sale of standing timber: Parol warranty of title: Failure of title: Implied warranty.*

1. Plaintiffs' evidence showed that timber purchased by them was standing when the contract was made, the title to the land being in the United States, and that the purchase was oral. *Held*, there could be no express warranty of title thereto by parol, such timber being then real estate.
2. In such case there could be no implied warranty, such timber then being neither personal property nor in the vendor's possession.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

For the appellants there was a brief signed by *Weed & Van Doren,* and oral argument by *R. N. Van Doren.*

For the respondents there was a brief by *B. A. Cady* and *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.*

WINSLOW, J. The plaintiffs are manufacturers of lumber, and they claim in this action that they purchased standing timber of the defendants, and paid them $228.58 therefor upon a warranty of title, which warranty failed, said timber

being the property of the United States, and that they were compelled to pay the purchase price of the logs a second time to the United States, and they bring this action to recover upon the warranty of title. The plaintiffs' evidence showed that the timber purchased was standing when the contract was made, the title of the land being then in the United States, and that the purchase was oral. Thus it appears that the purchase was a purchase of real estate, and it is well understood that there can be no warranty of title to real estate by parol. The respondent claims that there is an implied warranty under the rule that when personal property in possession of the vendor is sold at a fair price there is an implied warranty of title. This principle might apply except for two slight difficulties, viz., the timber sold was not personal property, and was not in the vendor's possession. So it seems that there is a total failure to prove either an express or implied warranty of title, and the verdict was rightly directed.

*By the Court.*—Judgment affirmed.