JOHN HIGH, *Appellant,* v. JASPER MANUFACTURING COMPANY, A CORPORATION, AND B. G. SMITH, *Appellees.*

1. Upon an application to dissolve a temporary injunction upon bill, answer and affidavits by the respective parties the chancellor must be governed by the weight of the evidence, and unless it clearly appears that the ruling upon such application is against the weight of the evidence, it will not be reversed on appeal. (44 Fla. 491; 45 Fla. 551.)

2. A sale of timber standing on land is a contract concerning an interest in land within the meaning of the statute of frauds, and while a parol sale of standing timber may operate as a license to enter and cut trees, it is revoked by a sale and conveyance of the land to a third person.

3. Where a tract of land is the constitutional homestead of a head of a family residing in this State, and the owner is a married man, a deed executed by him alone does not convey any right, title or interest in the homestead real estate, and where upon application to dissolve a temporary injunction upon bill, answer and affidavit it appears that the deed was executed by the husband alone, and the answer alleges that the land described therein was at the time of the execution of such deed a homestead, and where the lands described are so located as to show

they may have been part of a homestead of 160 acres, and the allegation is denied in a single affidavit on the part of the complainant, the ruling of the Circuit Judge dissolving the temporary injunction will not be disturbed on appeal.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*M. F. Horne* for Appellant.

*Roberson, Small & Stephens,* for Appellees.

HOCKER, J.—The appellant as complainant below filed a bill in the Circuit Court of Hamilton County, against the appellees alleging that he was the owner of all the pine timber and wood standing, lying and being upon the N 1-2 of N. E. 1-4 of Section 27 Tp. 2 N. R. 14 East, and N. E. 1-4 of N. W. 1-4 of Section 26 and N. E. 1-4 of S. E. 1-4 of N. W. 1-4 of Section 26, Tp. 2 N. R. 14 East, in Hamilton county, Florida; that he purchased said timber and wood from C. A. Register and secured from him a bill of sale or deed of all said timber, and caused it to be recorded in the Clerk's office in Hamilton county, a certified copy of which is attached to the bill as Exhibit "A," a fact well known to defendants, but that in disregard of orator's rights and interests the defendant B. G. Smith has been endeavoring to dispose of the said timber in order to defraud orator out of his rights and interests therein, and that the Jasper Manufacturing Company by its servants and agents have committed trespass upon said timber by cutting down fifty or seventy-five trees standing on said lands and are now threatening to cut the entire

tract of timber and convert the same to its own use, to orator's injury and damage; that the timber on the land is worth more than $500.00, but orator needs it for his own use and it is not for sale.   The bill prays an injunction against defendants restraining them from cutting and disposing of said timber, and alleges that notice of his intention to apply for an injunction would be detrimental to orator's interests, and defendants would then hasten to destroy the timber before he could secure an injunction. The foregoing is the substance of the bill, which was sworn to by complainant.

Exhibit "A" to the bill is a deed from C. A. Register to John High conveying all the merchantable pine timber and wood on the lands described in the bill, dated 5th of August, A. D. 1902.   It is executed by C. A. Register alone.

On the 30th of September, 1908, the bill was filed before the Court Commissioner, in the absence of the Circuit Judge from the county, and he granted a temporary injunction in accordance with the prayer of the bill, and without notice to the defendants.

On October 1st, the defendants, upon due notice to complainant, applied to the Circuit Judge for a dissolution of the temporary injunction, and on that day filed before the Circuit Judge a demurrer to the bill, and also an answer thereto, among other things alleging that C. A. Register and wife conveyed by deed the lands described in the bill to John M. Caldwell on the 21st of September, 1904, and put him in possession thereof; that John M. Caldwell and wife on the 12th day of October, 1905, conveyed by deed said land and timber rights to Frank Adams; that on the 30th day of October, 1905, Adams and wife conveyed by deed said lands and all the timber standing thereon to defendant B. G. Smith; that Smith at once went into actual occupancy and possession of

said land, and has remained in possession continuously to date; and that Smith and wife on the 28th of September, 1908, conveyed the said timber to the defendant the Jasper Manufacturing Company. The deeds and conveyances above mentioned are attached as exhibits to the answer.

The answer also denies that complainant is the owner of the lands described in the bill, but alleges the truth to be that said pretended claim of the complainant is invalid and of no legal effect; that at the time of the alleged conveyance by Register to High the former was a married man, and the head of a family residing in this State and on the said land, which did not exceed 160 acres, as his home, and that of his family, and that his wife refused to join in the said conveyance, and that therefore said conveyance is void. The allegations of the answer were sworn to.

To meet this last mentioned allegation of the answer the complainant filed an affidavit to the effect that the pine timber in question is not on, nor does it join, land that C. A. Register was living on as his homestead at the time he sold and deeded said pine timber to the affiant.

The motion to dissolve the injunction was heard by the Circuit Judge on the bill, answer and affidavits on October 2nd, 1908, and he thereupon entered the following order: "This cause coming on for a further hearing on motion of the defendants for a dissolution of the temporary injunction herein, and the same having been argued by counsel and the solicitors for both the complainant and defendants, and the court being fully advised in the premises, it is thereupon considered ordered and decreed by the court that the temporary injunction granted herein on the 30th day of September, 1908, be and the same is hereby dissolved.

Done, ordered and decreed at Chambers, at Perry,

Florida, on this 2nd day of October, 1908.   B. H. Palmer, Judge."

An appeal from this order was taken to this court. The three assignments of error here are to the effect that the Circuit Judge erred in dissolving the temporary injunction.

In Richardson v. Kittlewell, 45 Fla. 551, 33 South. Rep. 984, this court in accordance with former rulings held that "upon an application to dissolve a temporary injunction upon bill, answer, replication and affidavits the chancellor must be governed by the weight of the evidence and his rulings thereon will not be reversed on appeal unless clearly erroneous."   In this case the case of Baya v. Town of Lake City, 44 Fla. 491, 33 South. Rep. 400, was cited, wherein it was held that "when application is made to dissolve a temporary injunction upon bill, answer and affidavits by the respective parties, the chancellor must be governed by the weight of the evidence, and unless it clearly appears that the ruling upon such motion is against the weight of the evidence, it will not be reversed on appeal."

A sale of timber standing on land is a contract concerning an interest in land within the meaning of the statute of frauds.   A parol sale of standing timber may operate as a license to enter and cut trees, but is revoked by a sale and conveyance of the land by the licensor to a third person.   Richbourg v Rose, 53 Fla. 173, 44 South. Rep. 69; Jenkins v. Lykes, 19 Fla. 148.

In the case of Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594, it was held by this court that where a tract of land is the constitutional homestead of a head of a family residing in this State, and the owner is a married man a deed executed by him alone does not convey any right, title or interest whatever in the homestead real estate.

This case came up before the chancellor upon the allegation of the sworn answer that the real estate upon which the timber stood, conveyed by Register to High, was the homestead of Register at the time of said conveyance, and that his wife refused to join in said conveyance, and the single affidavit of High that the land at that time was not a homestead. It does not appear to us that the ruling of the judge in dissolving the injunction was clearly against the weight of the evidence. The order dissolving the temporary injunction is, therefore, affirmed.

The appellant will pay the costs of this appeal.

All concur, except PARKHILL, J., absent on account of illness.