ELOISE MILLER WALTERS, JOINED BY HER HUSBAND, *Appellant*, v. ALBERT MILLER AND WIFE, *Appellees*.

Opinion filed Nov. 30, 1915.

1. Consent by an heir to the sale of a business block may with other circumstances, furnish a sufficient consideration to another heir to support his promise to convey his undivided fifth interest in the home place to an only sister, who had at the time peculiar equities therein.

2. An informal execution of a deed may be a sufficient writing to satisfy the statute of frauds in the matter of contracts to convey realty.

Appeal from Circuit Court, Marion County; W. S. Bullock, Judge. .

Decree reversed.

*H. M. Hampton,* for Appellant:

*W. K. Zewadski,* for Appellees.

COCKRELL, J.—A bill of complaint was dismissed, after demurrer thereto sustained, and the complainant appeals.

The bill alleges that the complainant's mother died intestate owning a home and a business block in the city of Ocala; there were five children, the complainant and her four brothers, as the sole heirs. Prior to the mother's death, she had induced the complainant and her husband to make her home theirs upon the promise that she would convey it to the complainant, her only daughter. The mother failed to convey the home place during her lifetime, but the daughter continued to reside there, making improvements thereon, such as laying sidewalks, required by city ordinance, a barn or garage, a heating apparatus, amounting to over three hundred dollars, and also paid taxes.

Shortly after the mother's death the defendant brother was anxious to sell the business block and close up the estate; the complainant was opposed to this sale, and she and the other two brothers consented thereto, only upon the promise of the defendant brother to join with them in conveying to the sister the home place; the defendant promised to do so, and returned to his home in a distant State; thereupon the property was sold for his accommo-

dation and the estate was closed. The absent brother, in line with this promise, executed a deed to the sister for the home place and sent it to her, but upon examination it was found defective in form and returned for re-execution. Instead of perfecting the deed, as good faith would seem to require, he kept it, and threatens to bring a partition suit, unless the sister would make a prompt and satisfactory settlement with him for his share.

Upon these allegations, the complainant prays for specific performance of the contract either by a new deed or by a proper execution of the old deed, and for general relief.

The theory of the demurrer appears to be that the contract lacks consideration and was not in writing.

We think the transactions must be taken as a whole to make out the contract, and so taken, there appears both a valuable consideration and a sufficient writing to satisfy the statute of frauds, in so far as the statute has applicability to contracts to convey lands. Maloy v. Boyett, 53 Fla. 956, 43 South. Rep. 243. It is alleged, however, that the defendant "executed a deed" to this property, but not with the statutory formalities. It seems to us that this is a sufficient allegation of an instrument in writing signed by the party to be charged.

Procuring unwilling signatures to the conveyance of the brick block from the sister and the other two heirs, whereby the defendant obtained promptly the sum of three thousand dollars, and which he could have brought about only by this promise to do for the sister what the other brothers were eager to have done, that is giving her the entire title to the home, as the mother wished, furnishes the consideration for the promise, especially when we consider that by this means the sister was lulled into

permitting the estate to be wound up without asserting her right to put in her claim against the estate, based upon the mother's broken promise to convey it to her.

The bill contains equity and the demurrer should have been overruled.

Decree reversed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.