WALTON LAND & TIMBER COMPANY v. J. H. LONG.
J. H. LONG v. WALTON LAND & TIMBER COMPANY.

185 So. 839.
Opinion Filed January 20, 1939.

*D. Stuart Gillis,* for Plaintiff in Error;
*Coe & McLane,* for Defendant in Error.

PER CURIAM.—For a number of years defendant Walton Land & Timber Company had been the owner of certain lands known as the Claroy tract, consisting of approximately 10,800 acres. In the summer of 1936 the United

States of America brought condemnation proceedings pursuant to Section 5092, Compiled General Laws of Florida, 1927, against approximately 2118 acres of the Claroy tract, in which judgment of award of compensation was rendered on November 24, 1936. On December 16, 1936, defendant executed a written agreement in the form of a letter to one J. E. Mason, not sealed and witnessed, but signed in its corporate name by its Secretary, reciting as follows:

"We hereby sell you all of the Merchantable Saw Mill timber eight inches and up situated on a tract of land known as the Claroy Tract containing approximately ten thousand eight hundred acres at a price of $125.00 receipt of which is hereby acknowledged.

"It is agreed and understood that you are to have the privilege of logging this tract six months from this date."

On a date not given Mason "transferred" the timber to John Z. Clawson. On January 6, 1937, the United States of America paid into Court the compensation awarded by the judgment of the previous November 24th and title passed. On January 25, 1937, John Z. Clawson "sold back" the timber to J. E. Mason, the original purchaser. On January 27, 1937, Mason transferred the lease to the plaintiff for a consideration of $446.50. When plaintiff began to log the land the Government officeres stopped him, and he was compelled to pay $328.31 to the United States for timber trespass.

Thereafter the plaintiff sued the defendant, alleging in his declaration the facts as above outlined. Upon trial of the issues as made of never promsied as alleged and *non est factum judgment* was directed for the plaintiff and the Court submitted the case to the jury for assessment of damages, charging that plaintiff was entitled to recover the following sums:

(a)   The amount which the original purchaser paid for the contract.

(b)   The reasonable sum which plaintiff as an innocent trespasser owed the United States for timber unlawfully cut in reliance on his contract, but not in excess of what he actually paid the Government.

During the course of the trial plaintiff proffered to prove there remained at least 500,000 superficial feet of timber uncut at the time Mr. Long (plaintiff) was forced to cease operations on the land by the Government; that it had a value of $5.00 per thousand or more as it stood; and that he lost the value of the same.   The proffer was denied. The Court also refused to instruct the jury that plaintiff was entitled to recover the value of his bargain; that is, the reasonable market value of the timber rights upon the lands described in the declaration, which the plaintiff lost by reason of the prior condemnation thereof by the Federal Government.

The jury returned a verdict of $450.00.   Motions for new trial were filed by both parties, both were denied, and defendant filed its motion for a judgment *non obstante veredicto*, which was also denied, and both parties took writ of error.

The defendant Walton Land & Timber Company in its brief presented the question of whether or not there is an implied warranty in a mere license to enter upon land and cut and remove "standing" timber therefrom. The plaintiff challenged the contention that the letter in question constituted a "mere license to enter upon the land," claiming that it constituted a contract for sale which created the relation of vendor and purchaser under a valid, but not formally executed contract.

A sale of standing timber is a contract concerning an interest in land, within the meaning of the Statute of Frauds.

Richbourg v. Rose, 53 Fla. 173, 44 So. 69; High v. Jasper Mfg. Co., 57 Fla. 437, 49 So. 156; Elsberry v. Sexton, 61 Fla. 162, 54 So. 592.

The letter under which plaintiff claims, though ineffectual as a sale of an interest in land, operates as a license to enter and cut the trees. Jenkins v. Lykes, 19 Fla. 148, and is a sufficient writing to satisfy the Statute of Frauds in the matter of contracts to convey realty. Sec. 5779, Compiled General Laws of Florida, 1927; Walters v. Miller, 70 Fla. 432, 70 So. 629.

In a contract for the sale of lands there may be an implied undertaking to make a good title, unless such an obligation is excluded by the terms of the agreement. 66 C. J., Vendor and Purchaser, Sec. 516, p. 845; Holland v. Holmes, 14 Fla. 390; Wheeler v. Sullivan, 90 Fla. 711, 106 So. 876; Walker v. Close, 98 Fla. 1103, 125 So. 521.

In 17 R. C. L., Logs and Timber, Sec. 9, p. 1077, it is said:

"Where a deed for standing timber conveys an interest in the land it is not controlled by the doctrine of warranty applicable to sales of personal property, and so the doctrine of *caveat emptor* must apply in the absence of fraud, unless the purchaser has been protected by a covenant of warranty of title in the deed, as such covenant will not be implied."

In 38 C. J., Logs and Logging, Sec. 35, p. 159, it is said:

"Where a sale of standing timber is a sale of realty, there is no implied warranty of title, and there can be no warranty of title by parol."

There are three cases cited to support these statements: Slocum v. Seymour, 36 N. J. L. 138, 13 Am. Rep. 432; Zimmermann v. Lynch, 130 N. C. 61, 40 S. E. 841; Van Doren v. Fenton, 125 Wis. 147, 103 N. W. 228.

In Slocum v. Seymour, *supra,* the deed was properly ex-

ecuted and contained no warranty of title. The Court held that the doctrine of warranty of sales of *personal* property did not apply and "the bargain having been consummated in this case by the delivery and acceptance of a deed of conveyance, the doctrine of *caveat emptor* must apply in the absence of fraud, unless the purchaser has protected himself ·by a covenant of warranty."

In Zimmerman v. Lynch, *supra,* the deed was properly executed and contained no covenant ·of title. The Court held that standing timber is of the nature of real estate, and in the sale of realty there is no implied warranty. The holding in Van Doren v. Fenton, *supra,* is based on the principle that there can be .no implied warranty of title to real estate by parol.

· The letter in the instant case was not a deed of conveyance, but was sufficient to constitute a contract for the sale of standing timber, as well as a license to enter the land and remove the timber. This Court has held that in every contract for the sale of realty there is an implied undertaking to make a good title. Therefore, we are of the opinion that the cases of Slocum v. Seymour, *supra,* are not controlling and there was an implied undertaking on the part of the defendant to make good title to the standing timber contracted to be sold.

Defendant Walton Land & Timber Company contends that a warranty of title is not broken by the subsequent exercise of the right of eminent domain. Such contention is not well-founded because of the fact that the vendor knew that such power had been exercised and carried to conclusion (all save the final formality of paying the compensation fixed in the judgment) before the attempted conveyance.

Under general rules the holder of a contract for the purchase of land may assign his interest therein, and the as-

signee acquires all the rights of his assignor, 66 C. J., Vendor and Purchaser, Secs. 841, 851. In the case at bar the contract to sell represents a right of the vendee against the vendor to have delivery of the timber, for which right the vendee has given a valuable consideration. The assignee in turn has paid the vendee and has received a transfer of the vendee's right against the vendor. When the vendor fails to deliver the timber he is liable in damages to the then owner of the right or chose.

The only other question necessary to be determined is whether or not the plaintiff was entitled to recover the loss of his bargain; that is, the reasonable market value of the timber rights upon the lands described in the declaration, which he lost by reason of the condemnation thereof by the Federal Government.

In the sale of realty, if the vendor is in default, and if he knew or should have known that he could not comply with his undertaking, he is liable to full compensatory damages, including those for the loss of the bargain. Sutherland on Damages (4th Ed. by Berryman), Vol. II, Sec. 581, p. 1988; Sanford v. Cloud, 17 Fla. 532; Key v. Alexander, 91 Fla. 975, 108 So. 883; Liberis v. Carmeris, 107 Fla. 352, 146 So. 220.

In all of the Florida cases applying the above rule there was a want of good faith in the vendor. In each instance the vendor did not have title to the land at the time he contracted to sell the same or the vendor contended his wife refused to execute the deed. The evidence in the case at bar fails to show a want of good faith in the defendant; therefore, the above rule does not apply. The record also shows that the final judgment rendered in the condemnation proceedings was recorded, and, although defendant had actual knowledge plaintiff was charged with constructive notice of same.

No error has been made to appear, and the judgment appealed from is affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.