291 So.2d 632 (1974)
Constantine KITSOS and Anthony Karamanlakis, Jointly and Severally, Appellants,
v.
A. Ray STANFORD, Appellee.
No. 73-502.
District Court of Appeal of Florida, Third District.
March 19, 1974.
Rehearing Denied April 9, 1974.
*633 Kovner, Mannheimer, Greenfield & Cutler, Miami, for appellants.
Brigham & Brigham, Miami, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
Constantine Kitsos and Anthony Karamanlakis were the plaintiffs in the trial court. They appeal a summary judgment for the defendant A. Ray Stanford. The judgment was entered in an action for damages for breach of contract involving an agreement to sell real property. In entering the summary judgment the trial court said:
"This cause coming on for hearing upon the renewal of the Defendant, A. RAY STANFORD'S Motion for Summary Judgment, and the Court being duly advised in the premises and after considering the same and being of the opinion from the record of this cause that the phrase `and/or assign[ee]s' was inserted in the deposit receipt agreement attached to the Amended Complaint as Exhibit `A' ...". (Emphasis supplied)
* * * * * *
Thus it appears that the trial court granted the summary judgment motion of defendant-appellee Stanford because in the court's view the deposit receipt signed by both parties for the purchase and sale of the property never became a contract. The deposit receipt of March 8, 1971, was prepared by the appellants in Miami and forwarded to the appellee at his office in Hollywood, Florida. When the appellee received appellants' deposit receipt, he struck by "x" marks the following provisions appearing on the deposit receipt:
"... subject to the purchasers obtaining a first mortgage from Dade Federal Savings and Loan Association in the amount of 70% of the purchase price."
"The Seller does warrant that the premises are free from termite infestation and that the roofs are in good condition and not leaking. Seller shall furnish a termite and roof inspection certificate from a reputable termite and roofing concern. In the event that there is any termite infestation and roof damage, same shall be eradicated and repaired by the Seller at his or their cost and expense prior to the closing."
After initialing these changes on the deposit receipt, the appellee returned the deposit receipt to appellants in Miami. They also initialed these changes, but added one of their own by placing the phrase "and/or assignees" after their names on the deposit receipt.
Appellee contends that this last change constituted a new offer by the appellants to purchase the property, to which he did not agree, and therefore the transaction never passed beyond the negotiation stage. On the other hand, appellants contend that such "and/or assignees" addition by them was immaterial, and therefore there was a completed contract regardless of whether or not the appellee accepted the "and/or assignees" change.
The appellants do not complain of the trial court's right to enter summary judgment, but urge that the court has incorrectly applied the law to the uncontradicted facts. Thus, the controlling question on this appeal is whether or not the addition of words at the time of acceptance which do not, in any way, change the legal meaning *634 of the contract constitute a failure to accept the offer according to its terms.
In general, contracts are assignable unless forbidden by the terms of the contract, or unless the assignment would violate some rule of public policy or statute, or unless the terms of the contract are such as to show reliance on the personal credit of the purchaser. Walton Land & Timber Co. v. Long, 135 Fla. 843, 185 So. 839 (1939); U.S. Properties, Inc. v. Marwin Corp., Fla.App. 1960, 123 So.2d 371; 33 Fla.Jur. Vendor and Purchaser § 122.
None of the elements of non-assignability exist in this contract. The deposit receipt contract contains no prohibition against assignment. There is no statute or rule of public policy which would prevent its assignment. The transaction called for payment in cash, clearly indicating that no reliance was placed on the purchasers' personal credit. The purchasers paid the required deposit and were ready and able to pay the balance of the purchase price on the date of closing.
As a matter of fact, the contract was not assigned. The addition of the phrase did not in any manner change the legal effect of the contract. The appellee could have enforced the contract. It was a mutually enforceable agreement. The rule is best stated, we think, in Restatement of Contracts § 62, as follows: "An acceptance which requests a change or addition to the terms of the offer is not thereby invalidated unless the acceptance is made to depend on an assent to the changed or added terms." We hold therefore that the alteration of a contract by the adding of immaterial words does not make insufficient an acceptance otherwise operative.
The appellee attempts to counter the effect of the above-stated rule by reliance upon authorities holding that an offer may be accepted only by the person to whom it is made. See Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498 (1927). See also the statement of the rule in 1 Williston on Contracts § 80, at 263 (3rd ed. 1957); 1 Corbin on Contracts § 56, at 235 (1963); 17 Am.Jur.2d Contracts § 62, at 401; 17 C.J.S. Contracts § 40, at 665. The principle relied upon by the appellee is not applicable to the facts of this case. First, it appears that the deposit receipt became a contract of sale when it was accepted by the present plaintiffs-appellants, and there was no attempt to have any other person or entity accept the contract. Second, the addition made to the contract was not a change of party because the contract already provided that "[t]his contract shall be binding upon both parties, the seller and the purchaser, their heirs, executors or assigns, when approved by the owner of the property above described".
We conclude therefore that the trial court erred in its application of the law to the undisputed facts of this case. The cause is remanded to the trial court with directions to enter a summary judgment as to liability for the plaintiffs and against the defendant.
Reversed and remanded with directions.