MILLS, Judge.
Georgia-Pacific contends the trial court erred in entering a final judgment in a declaratory judgment action finding that a contract for the sale of standing timber was subject to the documentary stamp tax imposed by Chapter 201 because the contract was exempt from the tax by the provisions of Chapter 672. We do not agree and affirm.
The trial court’s final judgment is so well reasoned and written, we adopt it as the opinion of this Court. The pertinent parts of the final judgment are as follows:
This cause came on for final hearing on February 23, 1981, upon the Joint Motion and Stipulation for a Judgment on the Pleadings filed by plaintiff Georgia-Pacific Corporation and defendant Department of Revenue of the State of Florida. The Court heard the argument of counsel, read the memoranda of law filed by both parties and, being fully advised in the premises, finds as follows:
FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. There are no factual issues to be resolved and there only remains an issue of law to be decided.
*551 3. The issue of law can be resolved by a judgment on the pleadings, which the parties have stipulated shall be a final judgment.
4. The legal issue may be stated as follows:
Did Section 672.107(2), Florida Statutes, as amended effective January 1, 1980, which defines a contract for the sale of standing timber as a contract for the sale of goods, remove such a contract from the documentary excise tax on transfers of realty imposed under Section 201.02(1), Florida Statutes?
5. The Department of Revenue of the State of Florida is responsible for the collection of the excise tax on documents imposed by Chapter 201, Fla.Stat., and collects that tax on contracts for the sale of standing timber under Section 201.02(1), Fla. Stats., and Rule 12B-4.13(9), Florida Administrative Code, as a documentary excise tax on the transfer of an interest in realty.
6. In 1979 the Florida Legislature made a number of amendments to the Uniform Commercial Code, effective January 1, 1980.[1] Among these was an amendment to subsection (2) of Section 672.107 relating to a contract for the sale of standing timber.[2] As Amended, it reads:
672.107(2) “A contract for the sale apart from the land of growing crops or other things attached to realty and capable of severance without material harm thereto but not described in subsection (1) or of timber to be cut[3] is a contract for the sale of goods within this chapter whether the subject matter is to be severed by the buyer or by the seller even though it forms part of the realty at the time of contracting, and the parties can by identification effect a present sale before severance.”
7. Plaintiff Georgia-Pacific Corporation takes the position that on January 1, 1980, contracts for the sale of standing timber no longer require documentary stamps. Defendant Department of Revenue of the State of Florida takes the position that documentary stamps are still required on such contracts.
HOLDING
The Court hereby holds that contracts for the sale of standing timber remain liable for the documentary excise tax imposed by Section 201.02, Fla.Stats., despite the amendment to Section 672.107(2), Fla.Stats.
At common law and by Florida case law standing timber was regarded as an interest in realty, Walters v. Sheffield, 75 Fla. 505, 78 So. 539 (1918); Richbourg v. Rose, 53 Fla. 173, 44 So. 69 (1907), and a contract for the sale of standing timber was a contract concerning an interest in land within the meaning of the Statute of Frauds, High v. Jasper Mfg. Co., 57 Fla. 437, 49 So. 156 (1909); Elsberry v. Sexton, 61 Fla. 162, 54 So. 592 (1911); Walton Land & Timber Co. v. Long, 135 Fla. 843, 185 So. 839 (1939).
That being so, contracts for the sale of standing timber are instruments conveying an interest in realty and are subject to the documentary excise stamp. Did the 1979 amendment to the Uniform Commercial Code change that?
Section 201.22, Fla.Stats., enacted by the Florida Legislature in 1965 as a part of the same bill that originally enacted the Uniform Commercial Code[4], reads, in pertinent part, as follows:
201.22 “The excise tax on documents provided by this chapter shall be applicable to transactions covered by the Uniform Commercial Code to the same extent that it would be if the code has not been enacted.... ”
In the 16 years that this section of law has been on the books the Legislature has not seen fit to amend, modify, or alter this *552 instruction that the documentary excise tax is to be imposed as if the Uniform Commercial Code had never been adopted. That being so, the Court finds that while Section 672.2-107(2), Fla.Stats., changes a contract for the sale of standing timber into a contract for the sale of goods for the purposes of the Uniform Commercial Code, it does not remove such a contract from the documentary excise tax imposed by Section 201.-02(1), Fla.Stats.
This view is bolstered by the fact that the Legislature uses the exclusionary words “within this chapter” in Section 672.107(2) and by a perusal of the purpose of the amendment as phrased in the sponsors’ notes found in Section 3 of Chapter 79-398, Laws of Florida, which read:
“The change makes timber to be cut under a contract of severance goods, regardless of the question who is to sever them. Financing of the transaction is facilitated if the timber is treated as goods instead of real estate. A similar change is made in the definition of ‘goods’ in section 679.-105. To protect persons dealing with timberlands, filing on timber to be cut is required in part IV of Chapter 679 to be made in the real estate records in a manner comparable to fixture filing.” (e.s.)
Finally, the Court notes that Chapter 79-398, Laws of Florida, which made the pertinent amendment to Section 672.107(2) also made several amendments at the same time to Section 679.105, another part of the Uniform Commercial Code. One amendment added the following to the definition of “goods”:
§ 679.105(l)(h) “.... ‘Goods’ also im eludes standing timber which is to be cut and removed under a conveyance or contract for sale ....”[5]
At the same time and by the same act the Legislature created a new subsection (5) to Section 679.105, which reads:
§ 679.105(5) “Nothing in this section shall be construed to alter, modify, or repeal any provision of the taxing laws of this state.”
Faced with Section 201.22 which says that the documentary excise tax is to be applied to transactions covered by the Uniform Commercial Code just as if it had never been adopted and faced with Section 679.105(5) which says (despite the legislature having defined contracts for the sale of standing timber as goods) that nothing in the definition section shall alter or modify any provision of the taxing laws of the state, the Court must rule that the documentary excise tax is still applicable to contracts for the sale of standing timber.
It is, therefore, ORDERED and ADJUDGED:
1. That contracts for the sale of standing timber are subject to the documentary excise tax provisions of Section 201.02(1), Fla.Stats.
2. That the contract for the sale of standing timber attached to the complaint herein is liable for the documentary excise tax imposed by Section 201.02(1), Fla.Stats.
AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and DOW-NEY, JAMES C., Associate Judge, concur.

. Chapter 79-398, Laws of Florida, 1979.

. Other amendments in Chapter 79-398 relating to standing timber (as encoded in the 1979 Florida Statutes) were §§ 679.105(1), 679.-401(l)(b), 679.402(1) and (5), 679.405(2).

. The underlined words were added by the amendment.

. Chapter 65-254, Laws of Florida, 1965.

. The underlined words were added by the amendment.