490 So.2d 1374 (1986)
L.V. McCLENDON KENNELS, INC., Appellant,
v.
INVESTMENT CORPORATION OF SOUTH FLORIDA, Appellee.
No. 85-2595.
District Court of Appeal of Florida, Third District.
July 15, 1986.
Payton & Rachlin and Richard Rachlin, Miami, for appellant.
Entin, Schwartz & Sclafani and Thomas Sclafani and Ronald A. Dion, North Miami Beach, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
L.V. McClendon Kennels, Inc. (McClendon Kennels) contends that the trial court erred in entering a summary final judgment in favor of Investment Corporation of South Florida (ICSF). We agree and reverse.
McClendon Kennels entered into a booking contract with ICSF, owner and operator of the Hollywood Dog Track (the Track), which was approved and signed by Perrine Palmer, the executive vice president of ICSF and general manager of the Track. The contract provided that McClendon Kennels would furnish greyhounds to the Track for the 1983-84 and 1984-85 racing seasons. In March 1984, Leo and Pearl Green approached L.V. McClendon concerning the sale of McClendon Kennels. The *1375 sale which they agreed upon included the booking contract at the Track. McClendon Kennels claims that both L.V. McClendon and the Greens asked Palmer if ICSF would consent to the assignment of McClendon Kennels' booking contract to the Greens and that Palmer stated that ICSF would refuse to do so. Palmer disputes this.
Since the value of McClendon Kennels without the booking contract was much lower, the Greens chose not to purchase it. They later purchased another kennel and, after making application on their own, the Track entered into a separate booking contract with the Greens.
McClendon Kennels brought suit against ICSF for: I) anticipatory breach of contract; II) tortious interference with an advantageous business relationship; and III) a declaratory judgment to determine if the Track had a right of refusal, and whether such a right was absolute or limited.
ICSF moved for summary judgment, contending that not only did it have a right of refusal, but that this right was absolute. In granting the summary judgment, the trial court found that "[McClendon Kennels] possesses no absolute right of assignment of the subject greyhound booking contract and accordingly ... [McClendon Kennels] has no right of recovery under counts I and II of the amended complaint." McClendon Kennels contends that it has a right of assignment and that the right is absolute, and therefore the summary judgment was erroneous.
Generally, all contractual rights are assignable unless the contract prohibits assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment. Hall v. O'Neil Turpentine Co., 56 Fla. 324, 47 So. 609 (1908); Brunswick Corp. v. Creel, 471 So.2d 617 (Fla. 5th DCA 1985); Kitsos v. Stanford, 291 So.2d 632 (Fla. 3d DCA), cert. denied, 307 So.2d 447 (Fla. 1974).
Though the contract obviously contemplates a delegation of rights in paragraph six,[1] it is silent as to the right of assignment. Thus, the contract, by its terms, does not prohibit an assignment.
ICSF claims that the booking contract involves obligations for the personal services of McClendon Kennels, and therefore an assignment of it is forbidden. However, the Florida supreme court in Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975), cert. denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976), held that a contract to supply greyhounds to a racing track is not a personal service contract. Though ICSF urges us to distinguish Wilson from the present case, we find its argument unpersuasive and hold that the proposed assignment of this booking contract was not invalid as one involving a personal service.
Finally, ICSF contends that the public policy of this state, as evinced by the Department of Business Regulation, Division of Pari Mutuel Wagering and the Florida Administrative Code, dictates against assignment of booking contracts. It is true that the Division of Pari Mutuel Wagering regulates the ownership of kennels, see Fla. Admin. Code Rule 7E-2.01, -2.05, -2.25, -2.29, and that a kennel's license is not assignable, see 51 Am.Jur.2d Licenses and Permits § 3 (1970). However, we find that *1376 these provisions do not articulate a public policy which would forbid the assignment of a booking contract.
Since none of the exceptions to the general right of assignment apply, McClendon Kennels possessed the right to make an assignment of the booking contract to the Greens. What remains is the question of whether the right was absolute or limited. While the trial court was correct in finding no absolute right of assignment, it erred in failing to find a limited right of assignment.
ICSF is required by Florida Administrative Code Rule 7E-2.36(2) to exercise discretion in granting a booking contract so as to maintain the highest level of integrity in greyhound racing.[2] In a contract in which one party selects the other party through the exercise of discretion based upon the qualifications and fitness of the selected party, the selected party may not assign the contract at his pleasure. Parker v. Evening News Publishing Co., 54 Fla. 544, 45 So. 309 (1907). Since ICSF grants booking contracts based upon the qualifications of the kennels, McClendon Kennels' right of assignment must be subject to ICSF's right of refusal. ICSF may only refuse consent to a proposed assignment through the exercise of its discretion based upon an assignee's qualifications and fitness. Its refusal may not be arbitrary and unreasonable. See Fernandez v. Vazquez, 397 So.2d 1171 (Fla. 3d DCA 1981) (lessor may not arbitrarily refuse consent to an assignment of a commercial lease, and acting unreasonably constitutes breach of contract).
Based upon the foregoing analysis, the trial court's entry of a summary final judgment was erroneous, as it failed to even reach the issue of whether McClendon Kennels possessed a limited right of assignment. Since there remain disputed issues of material fact concerning ICSF's refusal and whether the refusal was commercially reasonable, the trial court should have allowed this case to go to trial. Accordingly, we
Reverse and remand.
NOTES
[1] Paragraph six of the booking contract provides:

The kennel owner agrees that he will be present in person at the racing plant of the track operator during each entire racing meeting within the period of time covered by this contract or will appoint a responsible representative acceptable and satisfactory to the track operator with due and properly executed power of attorney to act for and to conduct all of the affairs of the kennel owner with respect to the operation, execution, and performance of the contract as fully and completely as if the kennel owner were present; but that such person so designated as such representative shall act for that kennel owner only.
McClendon Kennels and ICSF contend, respectively, that this paragraph provides for and against an assignment. However, this paragraph clearly deals only with the power of delegation. Since the contract is silent on the power of assignment, we may not, "under the guise of construction, impose on [the] parties contractual rights and duties which they themselves omitted." BMW of North America, Inc. v. Krathen, 471 So.2d 585, 587 (Fla. 4th DCA 1985).
[2] Florida Administrative Code Rule 7E-2.36(2) reads:

2. In determining which kennel owners shall be awarded bookings by a permit holder during any year, the permit holder shall endeavor to maintain the highest degree of competition among kennel owners so as to insure the highest quality of entries and the basic integrity of the race.