KLEIN, Judge.
This lawsuit arises out of a contract for the furnishing of cable television services to a mobile home park, and centers on whether the cable company breached its contract. Following a non-jury trial, the court decided that the cable company had not breached the contract. We reverse because we conclude that the cable company breached two provisions of the contract as a matter of law.
The contract, executed in 1986, provided that the cable company could only assign its rights under the contract if it obtained written approval from the park, which approval could not be unreasonably withheld.
The contract also contained the following provision:
NASD [cable company] agrees for the term of this agreement to comply with all laws, rules, regulation, ordinances and judicial and or administrative tribunal orders relating to all undertaking of this hereunder and to allow no judgments, liens or actions to be entered or filed against it. (parenthetical added)
In 1989 the cable company sold its assets and assigned its rights to another company, with the approval of the park. In September of 1991 a foreclosure action was filed by the original cable company against the successor cable company for non-payment of its promissory note, secured by its equipment. In November of 1991 a final summary judgment of foreclosure was entered against the successor cable company, and the predecessor reacquired the contract to furnish cable service to the park.
The park argues that the foreclosure judgment constituted a breach of the contractual provision quoted above. We agree that this foreclosure judgment, which effectively put the cable company *127 out of business, was a judgment contemplated by the broad language of the contract.
The park also argues that the transfer of the contract rights through the foreclosure was the equivalent of an assignment, which could only occur if the park approved. We agree. The contract stated that the park was relying on “the financial strength as well as the reputation for excellence of service, technical ability and ethical conduct of any assignee.” Considering the nature of these services, this requirement of approval was material. Kitsos v. Stanford, 291 So.2d 632 (Fla. 3d DCA 1974); L. V. McClendon Kennels, Inc. v. Investment Corp. of South Florida, 490 So.2d 1374 (Fla. 3d DCA 1986).
It would not have been unreasonable for the park to have withheld approval of this change, because the predecessor cable company, which sought to take over the contract by virtue of the foreclosure, had previously breached the portion of the contract requiring the cable company to pay $4.00 per month per subscriber to the park.
We therefore reverse the injunctive relief granted the cable company, since that in-junctive relief was based on the erroneous conclusion that this contract had not been breached.
We also reverse a credit the court gave the cable company. The contract required the park to provide land for the cable company to install its antennae and other equipment. After using this land for a period of time, the cable company voluntarily abandoned it when the county rezoned land outside of the park, and moved its equipment to the outside site. The trial court awarded the cable company damages for being deprived of the use of this land by the park after the cable company had moved out. Even if the cable company were entitled to damages based on these facts, which we doubt, there was no proof of the type of damages which would be recoverable here. We therefore reverse that aspect of the final judgment.
We affirm the court’s finding of fact as to the number of subscribers in the park who have been receiving cable services and the park’s entitlement to the $4.00 per month per subscriber payment during the period that the cable company has been supplying services.
Affirmed in part and reversed in part.
GUNTHER and POLEN, JJ., concur.