The Praetorians, a Corp., v. John Taunton.

160 So. 676.
Division B.
Opinion Filed April 8, 1935.

*Farmer, Merrill & Farmer* (Dothan, Ala.) and *Thomas Sale,* for Plaintiff in Error;

*J. M. Sapp and H. P. Sapp,* for Defendant in Error.

Buford, J.—Writ of error brings for review a judgment in favor of the plaintiff in the court below, defendant in error here, in a suit where plaintiff sought to recover the balance alleged to be due on an insurance policy.

The plaintiff in error has presented a number of questions, but we think the controlling question to be determined is this:

Where a life insurance company pays to the beneficiary of a policy a less amount than the value of the policy and obtains from such beneficiary a release in writing of the remainder which is due under the policy, may the beneficiary, regardless of the release executed as above stated, recover the balance due under the terms of the policy where it is not shown that the beneficiary gained anything by the execution of the release nor that the insurer lost anything by acting on the release and paying a part of what was due to the insured?

We may say that it is contended that the policy of insurance had lapsed and that, therefore, the Company was not liable. The record fails to show that the policy had lapsed by reason of non-payment of premiums or that it had been cancelled by the insurer, but, on the other hand, does show that the insurer received and accepted premiums on the policy after the time that it insisted the policy lapsed.

There was no dispute between the parties as to the amount due under the policy. If anything at all was due it was the face amount of the policy and it appears to be well settled that in such a case, in the absence of any new consideration, recovery may be had for the balance due, although a part of the amount due under the terms of the policy has been paid and a receipt delivered and received acknowledging receipt in full and release of the balance due. See 33 C. J. 39; Head v. New York Life Ins. Co., 241 Mo. 420, 147 S. W. 832; Biddle Corn v. General Accident Assurance Corporation, 167 Mo. App. 581, 152 S. W. 103.

Of course, the above rule applies only where it appears

from the record that there is no valid foundation for the claim of the insurer that it is not bound under the terms of the policy. Where the insurance company in good faith denies its liability upon the policy the settlement of the controversy is a sufficient consideration for the agreement of insured to accept less than the sum fixed in the policy. See Graf v. Employers Liability Ins. Corporation, 109 Iowa 445, 180 N. W. 297; Western, etc., L. Ins. Co. v. Quinn, 130 Ky. 397, 113 S. W. 256; Roane v. Union Pacific Life Ins. Co., 67 Ore. 264, 135 Pac. 892.

We think the record in this case shows the facts to be such that there was no *bona fide* cause for the company to refuse to pay the entire amount of the policy and that the release executed by the beneficiary was executed under such conditions that there was no binding consideration therefor and that the plaintiff was not thereby barred from maintaining the suit to collect the balance due under the insurance policy.

Other assignments of error have been considered with the result that we find no reversible error. Therefore, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.