366 So.2d 1204 (1979)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
Rebecca Carr HORTON, Appellee.
No. 78-2.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Rehearing Denied February 19, 1979.
*1205 Adams & Ward and Amy Shield Levine, Miami, for appellant.
Schwartz, Klein & Steinhardt and Norman S. Klein, North Miami Beach, for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
In this appeal, appellant/plaintiff Travelers Insurance Company appeals from a final judgment rendered in favor of its insured, appellee/defendant Rebecca Carr Horton, in an action for declaratory relief in which Travelers unsuccessfully sought to prohibit Horton from proceeding with arbitration on her uninsured motorist claim by attempting to enforce a settlement agreement allegedly entered into between the parties.
The trial judge, in his final judgment, determined that Horton had the right to proceed with arbitration, in accordance with the terms of her insurance policy, as a settlement had not been effectuated. Further, the trial judge held that Horton was entitled to an award of reasonable attorney's fees for her defense of the action.
After a careful review of the record, it is our opinion that final judgment was properly entered. While appellee did sign a release furnished by Travelers and was actually issued a draft, she neither presented the draft for payment nor returned the signed release to appellant. The validity and effect of a settlement and release are governed by contract law. Florida Education Association, Inc. v. Atkinson, 481 F.2d 662 (5th Cir.1973). Appellee, having failed to communicate her acceptance of the settlement by mailing the release to Travelers, did not bind herself to the terms of the proposed agreement of settlement. See Kendel v. Pontious, 244 So.2d 543 (Fla. 3d DCA 1971). Further, an award of reasonable attorney's fees in this declaratory action was not improper. James Furniture Manufacturing Company, Inc. v. Maryland Casualty Company, 114 So.2d 722 (Fla. 3d DCA 1959); Section 627.428, Florida Statutes (1977).
Accordingly, for the above reasons, the final judgment is affirmed.
Affirmed.