## NARVAEZ v MEJIA

Case No. 86-023 AP (County Court Case No. 85-11469CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

June 8, 1987

### APPEARANCES OF COUNSEL

**Tomas F. Gamba** for appellant.

**Carlos A. Santos** for appellee.

Before HENDERSON, SALMON, MASTOS, JJ.

## OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

The appellant is the owner of an automobile who filed a complaint against the appellee, the owner of another automobile, for negligence resulting in a collision on April 18th, 1985. The Court below entered a judgment for the defendant-appellee (hereinafter, appellee) on the basis of a settlement and release agreement entered into between appellant's insurance company and the appellee, and by the acceptance by appellant of a draft from his insurance company.

The appellant had a limited collision policy issued through American Bankers Insurance Company (herein after, the insurer), which obligated the insurer to pay appellant for damage to his automobile to the extent of the remaining bank loan balance or $1,000, whichever was greater. Following the incident, the insurer paid the appellant the sum of $1,000 by issuance of a draft containing the words "in full and final settlement of all claims." The fair market value of appellant's automobile at the time of the loss was $3,950, as testified to by appraisers. Thereafter, the insurer entered into a settlement agreement with the appellee, unknown to the appellant, as to the $1,000 paid by the insurer to the appellant under policy. This settlement agreement stated that upon full repayment of the $1,000 by the appellee to the insurer, the insurer would release the appellee "from any and all claims, causes of action, and demands whatsoever, on account of the damage, loss or injury, resulting from said accident."

At trial, appellant sought recovery from the appellee for the value of his loss (calculated at the fair market value of his car less the $150 salvage amount received and the $1,000 paid by the insurer). The court ruled that appellant no longer had the right or ability to sue for the loss of the car once he collected the money, and due to the settlement agreement between the insurer and appellee, was thereby barred from suing the appellee for the difference between the $1,000 received from the insurer and the much higher value of his loss.

The appellee argues that the trial court was correct in barring the appellant's recovery due to the prior settlement and release and adds that the key factor precluding the appellant from further recovery lies in appellant accepting the draft which contained words of release. Had he not accepted the draft, he would not have bound himself to the terms of the settlement agreement. *Traveler's Insurance Co. v. Horton*, 366 So.2d 1204 (Fla. 3d DCA 1979).

The appellee further argues that they cannot be penalized because appellant did not understand his insurance policy in that accepting the

**163**

$1,000 they were accepting the prior settlement and release agreement. The appellant claims that the clear and unambiguous terms of a release may not be changed upon a claim of unilateral mistake where that mistake results solely from the want of due care and negligence. *Dean v. Bennet M. Lifter, Inc.*, 336 So.2d 393 (Fla. 3d DCA 1976).

The appellant however, insists that receipt of a settlement draft is not a bar to the lawsuit filed by appellant to collect the balance of his losses. Furthermore, the language of release shown by the draft releases appellant's insurer and not third part tortfeasor such as the appellee. The appellant adds that even though the insurer became subrogated to the rights of the appellant by payment of the $1,000, the insurer became subrogated only to the extent of a corresponding amount. Thus, the insurer's rights of subrogation are not greater than the amount paid by the insurer and correspondingly any release given the appellee cannot encompass or release anything other than the amount paid by the insurer to the insured. This in effect gives the appellant the right to pursue a claim against the appellee for the difference between the fair market value of his automobile and the $1,000 received. On this point, appellee argues that so long as the insurer acted in good faith as a subrogee by settling for the highest possible amount limited by the insurance policy, its resolution of the matter at hand will be allowed without engaging in any inquiry. *The Praetorians v. Taunton*, 160 SO. 676 (Fla. 1935).

The court below, by barring the appellant's recovery from the appellee changed the rule of subrogation, which is to limit the chance of double recovery or windfall to the insured, and provided the tortfeasor "the windfall of being absolved from liability because the insured had the foresight to obtain insurance for his protection."

Based on the above analysis, the decision of the lower court barring the appellant's pursuit of recovery from the appellee is thereby reversed.

Reversed and remanded with directions to enter judgment for the appellant.

HENDERSON and MASTOS, JJ., concur.