**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**M.H., individually; A.H., individually, and as parent; and J.C., Defendants.**

**No. 87–1874–Civ.**

United States District Court, S.D. Florida.

March 14, 1988.

Robert Rudock, Miami, Fla., Lori Caldwell, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, P.A., Orlando, Fla., for Allstate Ins. Co.

Ronald Buschbom, Miami, Fla., for J.C.

John Wylie, Kimbrell & Hamann, Miami, Fla., for defendants M.H. and A.H.

## MEMORANDUM OPINION

SCOTT, District Judge.

This action is brought for declaratory relief pursuant to Title 28 U.S.C. § 2201(a). By prior order, the Court has determined that Allstate's Homeowner Policy excluded coverage for the liability claim filed against A.H. The sole remaining issue is whether Allstate has waived its right to assert this exclusion as a coverage defense. Under the facts presented, we conclude that Allstate has not waived its right to assert this defense.

## FACTUAL BACKGROUND

The relevant facts are not in dispute. On April 15, 1987, M.H., a minor child, and A.H., his/her mother, filed their Third Amended Complaint in the case styled *M.H. v. B.S.* (Case No. 87–22 72(15)), pending in the Circuit Court in and for Dade County Florida. The basis of that lawsuit was the alleged sexual molestation of M.H. by J.C. On July 23, 1987, Defendant J.C. answered the Third Amended Complaint and asserted a counterclaim against Plaintiff/Counter-Defendant, A.H.

On August 18, 1987, Allstate Insurance Company wrote to A.H. and advised her that the allegations of the counterclaim may not be covered under her homeowner's insurance policy. However, Allstate agreed to defend A.H. subject to a reservation of rights and retained Gerald Bedford to represent her in defense of the counter-

claim.[1] On October 7, 1987, Allstate filed a declaratory judgment action in this Court. The carrier sought a determination of its rights and liabilities under the policy which it had issued to A.H. On October 29, 1987, Gerald Bedford wrote to Allstate and enclosed a letter dated October 28, 1987 from John Wylie, personal attorney for the insured. In this letter, Wylie informed Bedford that he was no longer mutually agreeable counsel since he had refused to defend A.H. in the declaratory judgment action before this Court. Further, Wylie requested that his firm be retained to represent A.H. in the state action, as well as the declaratory judgment. On November 2, 1987, Allstate informed Wylie that it would accept him as new mutually agreeable counsel to defend A.H. in the counterclaim, but it would not pay for a defense in the declaratory judgment action.

On November 6, 1987, Wylie wrote to Allstate to make arrangements for the transfer of Bedford's files so that he could undertake the defense of the counterclaim. In the letter, Wylie stated that Bedford could not be independent counsel because Allstate refused to compensate him for defending the instant declaratory action. On November 18, 1987, Allstate responded to Wylie by reiterating that it agreed to his representation as counsel in the liability action; however, it would not provide a defense to A.H. in the declaratory judgment action and would not reimburse him for legal costs incurred in defending that action. Thereafter, Wylie filed an appearance in the present case.

## LEGAL ANALYSIS

### The Claims Administration Statute

Florida's Claims Administration Statute, Section 627.426 of the Florida Statutes (1982), imposes mandatory obligations upon any insurance company which intends to assert coverage defenses against its own insured. The Claims Administration Statute provides in pertinent part that:

(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:

(a) Within thirty (30) days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and

(b) Within sixty (60) days of compliance with (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than thirty (30) days before trial, the insurer:

1. Gives written notice to the named insured by registered or certified mails of its refusal to defend the insured;

2. Obtains from the insured a non-waiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or

3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court.

Section 627.426, Florida Statutes.

Our review of the statute and its legislative history reveals that Allstate's actions in this case fully complied with the requirements of Florida Statute 627.416.[2] The undisputed facts establish that Allstate sent a reservation of rights to A.H. by certified mail on August 18, 1987. This

---

1. The essence of the counterclaim was for contribution pursuant to Florida Statute 768.31. J.C. alleged that if he were found liable to the minor Plaintiff, he is entitled to contribution against A.H. as her mother because she failed to exercise due care in the supervision of M.H.

2. Allstate's compliance with the Florida Claims Administration Statute is confirmed by Wylie's letter of November 6, 1987 in which he acknowledged that Bedford was mutually agreeable counsel prior to the filing of the instant declaratory action.

occurred only thirteen days after Allstate received notice of the counterclaim against A.H. *See* § 627.426(2)(a), Florida Statutes. Under the statute, Allstate then had sixty days from the date of its reservation of rights to select one of three options enumerated in the claims. *See* § 627.426(2)(b), Florida Statutes. Allstate fulfilled its statutory duty by retaining mutually agreeable counsel Gerald Bedford to represent A.H. in the pending liability action. *See* § 627.426(2)(b)(3), Florida Statutes. Additionally, on November 2, 1987, Allstate agreed to retain Wylie as new mutually agreeable counsel after objection had been raised to Bedford's continued representation. The actions of Allstate in retaining mutually agreeable independent counsel to defend the counterclaim—on two separate occasions—is in compliance with the Claims Administration Statute. *See* § 627.426(2)(b)(3), Florida Statutes.

The insured's contention that Allstate waived its coverage defense because it refused to retain Wylie to defend A.H. in the declaratory judgment action lacks merit under the present facts. Allstate's obligation to provide mutually agreeable counsel is limited to third party liability actions which trigger its duty to defend. Nothing in the history or language of the Claims Administration Statute reflects that the Florida Legislature contemplated its application in declaratory judgment proceedings.[3] As a result, Allstate's actions in this case fully complied with Florida's statutory requirements.

The Court further notes that Florida law provides for the payment of attorneys fees should an insured either successfully defend or prosecute a declaratory judgment action involving a question of insurance coverage. *See* Florida Statute § 627.428; and *Travelers Insurance Company v. Horton*, 366 So.2d 1204 (Fla. 3d DCA 1979). Therefore, if a declaratory action concludes with a finding favorable for the insured,

the policyholder will be fully compensated for all costs and expenses incurred. Conversely, if coverage is found not to exist, the carrier has no obligation to make its insured whole for the costs and legal fees incurred in the declaratory proceeding.

## CONCLUSION

Based on the foregoing analysis, the Court concludes that Allstate has no obligation to provide A.H. with independent counsel to defend the present declaratory action. We further find that Allstate has not waived its right to assert coverage defenses in this case. Accordingly, the Court will enter judgment in favor of the Plaintiff, Allstate Insurance Company, and against the Defendants determining that no coverage exists under the Allstate Insurance Policy for the defense of the counterclaim in the Circuit Court case of *M.H. v. B.S.* (Case No. 87–22 72(15)) (State of Florida).

---

**3.** This point is illustrated by the House Staff Report which provides:

> If the parties cannot agree on an attorney and cannot get the insured to voluntarily sign a nonwaiver agreement, the insurer must either defend the liability suit and thereby waive its coverage defense, or assert its coverage defense by refusing to defend the liability suit. (emphasis added).

Staff Florida H.R. Comm. on Insurance, H.B. 4F as amended H.B. 10G (1982) Staff Report (June 3, 1982) at 67.